UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA FRAIZER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.,<br><br>　　　　Defendants. | Case No. 3:15-cv-02559-JD<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE** |

　　　　On May 7, 2015, pro se plaintiff Regina Fraizer filed a complaint against defendants Wells Fargo Bank, N.A., and Martha G. Bronitsky. Notice of Removal, Dkt. No. 1. The case was removed to this Court on June 9, 2015. *See id.* On June 15, 2015, Wells Fargo filed a motion to dismiss the complaint. *See* Mot. to Dismiss, Dkt. No. 10. Ms. Fraizer did not file a response to Wells Fargo's motion within the time period required by Civil Local Rule 7-3. On August 14, 2015, the Court ordered Ms. Fraizer to show cause by August 24, 2015, why Wells Fargo's motion to dismiss should not be granted. Order to Show Cause, Dkt. No. 12. Ms. Fraizer did not respond to the Court's Order to Show Cause within the required time period.

　　　　The August 24th deadline has passed without a response from Ms. Fraizer, and the Court dismisses the action for failure to prosecute.

**DISCUSSION**

　　　　Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

1   manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of
2   less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."
3   *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal.
4   Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Application of these factors here weighs in favor of dismissal.  Ms. Fraizer has failed to file a response to defendant's motion to dismiss as required by the Local Rules and by court order, despite having been warned that the case might be dismissed as a result for failure to prosecute. *See* Dkt. No. 12.  With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Espinosa*, 2011 WL 334209, at *1 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").  For the third factor, Ms. Fraizer has filed nothing at all since the case was removed and has offered no explanation for her failure to respond to defendant's motion to dismiss or the Court's order to show cause.  This weighs strongly in favor of dismissal.  *See Espinosa*, 2011 WL 334209, at *2.  With respect to the fourth factor, the Court already issued an Order to Show Cause, which provided Ms. Fraizer with additional notice of the pending motion to dismiss, as well as additional time to respond to the merits of that motion.  *See* Dkt. No. 12.  The Court's issuance of the Order to Show Cause satisfies the consideration of less drastic sanctions requirement.  *See Ferdik*, 963 F.2d at 1262.  Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal, on its own, the cumulative weight of the other factors overrides it.  *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

## CONCLUSION

Because four of the five relevant factors weigh in favor of granting defendant's unopposed motion to dismiss, the Court grants that motion and dismisses this case in its entirety with

prejudice. The clerk will enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: September 1, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINA FRAIZER,

    Plaintiff,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.,

    Defendants.

Case No. 15-cv-02559-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 2, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Regina Fraizer
1615 Francisco St.
Berkeley, CA 94703

Dated: September 2, 2015

        Richard W. Wieking
        Clerk, United States District Court

        By: *Lisa R. Clark*
        LISA R. CLARK, Deputy Clerk to the
        Honorable JAMES DONATO